**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Svend Thomas Hansen, Debtor              Case No. 25-51383-KMS
                                                                                          CHAPTER 13

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr., U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, on or before November 10, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on December 16, 2025, at 01:30 PM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: September 22, 2025                    /s/ Thomas C. Rollins, Jr.
                                                                  *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

Debtor 1: **Svend Thomas Hansen**
Full Name (First, Middle, Last)

Debtor 2:
(Spouse, if filing)
Full Name (First, Middle, Last)

United States Bankruptcy Court for the **SOUTHERN DISTRICT OF MISSISSIPPI**

Case number:
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$180.00**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

Johnson Controls
5757 N Green Bay Avenue
Milwaukee WI 53209-0000

APPENDIX D                                  Chapter 13 Plan                                   Page 1

Debtor **Svend Thomas Hansen** Case number

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

**3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Chimefinal** | **Credit Builder: Chime** |

*Insert additional claims as needed.*

### Part 4: Treatment of Fees and Priority Claims

Debtor  **Svend Thomas Hansen**                              Case number

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

☑ No look fee: __4,600.00__

Total attorney fee charged:         $**4,600.00**

Attorney fee previously paid:       $**4,600.00**

Attorney fee to be paid in plan per confirmation order:       $**0.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☐ Internal Revenue Service    **$0.00** .
☑ Mississippi Dept. of Revenue   **$903.00** .
☐ Other _____       **$0.00** .

**4.5** **Domestic support obligations.**

☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO: **Brittney Gill**
POST PETITION OBLIGATION: In the amount of $ **200.00**       per month beginning **October 2025**
To be paid ☐ direct, ☑ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **0.00**      through     **n/a**
which shall be paid in full over the plan term, unless stated otherwise:
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

DUE TO: **Julia Mitchell**
POST PETITION OBLIGATION: In the amount of $ **200.00**       per month beginning **October 2025**
To be paid ☑ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the amount of $ **0.00**      through     **n/a**
which shall be paid in full over the plan term, unless stated otherwise:
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $
☑ __100.00__ % of the total amount of these claims, an estimated payment of $__20,111.14__
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**Mississippi Chapter 13 Plan**                                         Page 3

| Debtor | **Svend Thomas Hansen** | Case number | |
|---|---|---|---|

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| Nelnet | Student Loan - long term debt | $37,794.00 | Debtor to pay direct pursuant to contract in place with student loan provider. |

*Insert additional claims as needed.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| Tesla Mississippi, LLC | 2023 Tesla Model 3 | $477.89<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | if any exists, to be paid direct by debtor |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
**Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**

### Part 9: Signatures:

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X  **/s/ Svend Thomas Hansen**                                     X  _____
   **Svend Thomas Hansen**                                               Signature of Debtor 2

**Mississippi Chapter 13 Plan**                                                                    Page 4

Debtor **Svend Thomas Hansen** Case number

Signature of Debtor 1

Executed on **September 17, 2025**                     Executed on

**208A Conti St**
Address                                                                              Address
**Hattiesburg MS 39401-0000**
City, State, and Zip Code                                            City, State, and Zip Code

Telephone Number                                                   Telephone Number

X **/s/ Thomas C. Rollins, Jr.**                              Date **September 17, 2025**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**                                                       **103469 MS**
Telephone Number                                                   MS Bar Number
**trollins@therollinsfirm.com**
Email Address

**Mississippi Chapter 13 Plan**                                                                                       Page 5

**CERTIFICATE OF SERVICE**

    I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

    Case Trustee
    Office of the US Trustee

    I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: September 22, 2025          /s/ Thomas C. Rollins, Jr.
                                             *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-51383-KMS |
|---|---|
| SVEND THOMAS HANSEN | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 9/22/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/22/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. 103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601 500 5533
trollins@therollinsfirm.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>SVEND THOMAS HANSEN | CASE NO: 25-51383-KMS<br><br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 9/22/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/22/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| CASE INFO | ~~EXCLUDE~~ | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-51383-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>MON SEP 22 9-4-17 PST 2025 | ~~US BANKRUPTCY COURT~~<br>~~DAN M RUSSELL  JR US COURTHOUSE~~<br>~~2012 15TH STREET  SUITE 244~~<br>~~GULFPORT  MS 39501-2036~~ | BRITTNEY GILL<br>1050 FE SELLERS HWY<br>MONTICELLO  MS 39654-9702 |

| CAPITAL BANK NA<br>2275 RESEARCH BLVD<br>STE 600<br>ROCKVILLE  MD 20850-6238 | CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY  UT 84130-0285 | CHIME<br>ATTN BANKRUPTCY<br>101 CALIFORNIA STREET<br>SUITE 500<br>SAN FRANCISCO  CA 94111-3580 |
|---|---|---|

| | | ~~EXCLUDE~~ |
|---|---|---|
| CHIMEFINAL<br>ATTN BANKRUPTCY<br>PO BOX 417<br>SAN FRANCISCO  CA 94104-0417 | CITIBANK<br>PO BOX 790046<br>ST LOUIS  MO 63179-0046 | ~~(D)CITIBANK~~<br>~~PO BOX 790046~~<br>~~ST LOUIS  MO 63179-0046~~ |

| CREDIT ONE BANK<br>ATTN BANKRUPTCY DEPT<br>6801 CIMARRON RD<br>LAS VEGAS  NV 89113-2273 | FIRST PREMIER BANK<br>3820 N LOUISE AVE<br>SIOUX FALLS  SD 57107-0145 | JULIA MITCHELL<br>12413 JOHN LEE RD<br>LOT S<br>BILOXI  MS 39532-9116 |
|---|---|---|

| LAUNCH SERVICES<br>PO BOX 9190<br>SIOUX FALLS  SD 57109 | MS DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON  MS 39225-2808 | MSDHS<br>ATTN CONSTANCE MORROW<br>PO BOX 352<br>JACKSON  MS 39205-0352 |
|---|---|---|

| NELNET<br>PO BOX 82561<br>LINCOLN  NE 68501-2561 | OPENSKY<br>P O BOX 660924<br>DALLAS  TX 75266-0924 | SMITH ROUCHON  ASSOC<br>SRA<br>1456 ELLIS AVE<br>JACKSON  MS 39204-2204 |
|---|---|---|

| | ~~EXCLUDE~~ | |
|---|---|---|
| TESLA MISSISSIPPI  LLC<br>255 MARILYN DR<br>BRANDON  MS 39042-2483 | ~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE 6-430~~<br>~~JACKSON  MS 39201-5022~~ | WELLS FARGO BANK NA<br>ATTN BANKRUPTCY<br>1 HOME CAMPUS<br>MAC X2303-01A 3RD FLOO<br>DES MOINES  IA 50328-0001 |

| ~~EXCLUDE~~ | DEBTOR | ~~EXCLUDE~~ |
|---|---|---|
| ~~(P)DAVID RAWLINGS~~<br>~~ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE~~<br>~~PO BOX 566~~<br>~~HATTIESBURG MS 39403-0566~~ | SVEND THOMAS HANSEN<br>208A CONTI ST<br>HATTIESBURG  MS 39401-4173 | ~~THOMAS CARL ROLLINS JR~~<br>~~THE ROLLINS LAW FIRM  PLLC~~<br>~~PO BOX 13767~~<br>~~JACKSON  MS 39236-3767~~ |